UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

LEONARD EUGENE WEATHER,

                      Plaintiff,

   v.                                                      6:19-CV-400
                                                                                  (GTS/ATB)

ROBERT PALMIERI, JR., et al.,

                      Defendants.

---

ANDREW T. BAXTER
United States Magistrate Judge

### ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the Court a civil rights complaint filed by pro se plaintiff Leonard Eugene Weather, together with a motion to proceed in forma pauperis ("IFP"). (Dkt. Nos. 1, 5). This action was transferred to the Northern District of New York by the Honorable Elizabeth A. Wolford on Arpil 3, 2019.[1] (Dkt. No. 6).

**I.**    **In Forma Pauperis ("IFP") Application**

A review of plaintiff's IFP application shows that he declares he is unable to pay the filing fee. (Dkt. No. 2). The court finds for purposes of this recommendation, that plaintiff meets the financial criteria for IFP status.

In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss

---

[1] Plaintiff originally filed this action on October 24, 2018, and it was administratively closed due to plaintiff's failure to properly complete his IFP application. (Dkt. No. 2, 3). The Case was reopened on December 10, 2018 based on plaintiff's newly filed IFP application. (Dkt. No. 5). However, the case was not transferred to the Northern District of New York until April 3, 2019. (Dkt. No. 6).

the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). The court will now turn to a consideration of the plaintiff's complaint under the above standards.

## II.     **Complaint**

Plaintiff alleges that on October 20, 2016, between 3:00 a.m. and 5:30 a.m., a group of law enforcement officers from the New Hartford Police, the Oneida County Sheriff's Department, the Rome Police, agents from ATF and FBI, and the Oneida County District Attorneys Office[2] stormed into his home, removed him from the house at gunpoint, and made him stand in outside in freezing cold weather while the officers searched his apartment. (*Id.*)  Plaintiff was never shown a warrant, but was told the "state" had the warrant.  Plaintiff's first cause of action is for "unreasonable" search and seizure in violation of the Fourth Amendment. (*Id.*)

Plaintiff alleges that he was subsequently taken to the police station "based on the premise" that he was being arrested for his involvement in drug activities. (Compl. ¶ 5(B)).  Plaintiff states that he was never fingerprinted or photographed, and was questioned about a twelve-year-old murder with which he was unfamiliar.  Plaintiff states that he was detained even though there were no criminal charges against him. (*Id.*)  Plaintiff was interrogated without legal representation because he was told that it was not needed.  Although it is unclear, plaintiff appears to claim that the officers were going to "pick anyone" because the unsolved murder was becoming "political," and a Utica detective told plaintiff that ADA Lisi would make "the present offense disappear because this is political and this would advance her and the detective's career.  They just wanted to close the case." (*Id.*)  Plaintiff's second cause of action is for violations

---

[2] It is unclear whether plaintiff actually alleges that a member of the Oneida County District Attorney's Office was present during the incident at his home because he states that the law enforcement officers were acting "on behalf of Assistant District Attorney Laurie Lisi." (Complaint ("Comp.") at ¶ 5(a)).

3

of Due Process, Equal Protection, and False Imprisonment for 3 ½ hours.

Plaintiff also alleges that while he was being interrogated at the Utica Police Department, "under duress and against his will, the defendant" was deliberately indifferent to plaintiff's serious medical needs. (Compl. ¶ 5(C)). In support of his third claim, plaintiff alleges that he had foot surgery the day before the search took place. Plaintiff states that his doctor told him to stay off the foot and keep it elevated. Thus, when the officers forced plaintiff to stand outside in the cold weather, he was subjected to "excruciating pain." Plaintiff states that the officers took plaintiff to St. Elizabeth's hospital to be treated because of the injuries to his foot.

Plaintiff claims that he was seen by an intern at St. Elizabeth's, who did not know how to address his problem. (*Id.*) Plaintiff asked to see the doctor who performed his surgery, but his request was denied, and he was told by the intern and the supervising nurse that if plaintiff was not satisfied with their medical treatment, he could go elsewhere. Plaintiff states that he was "humiliated" by the medical staff at St. Elizabeth's and was taken back to the Utica Police Station, without receiving proper medical care. Once he arrived at the station, he was strip searched and released. Plaintiff's third cause of action also appears to include a claim of deliberate indifference to his serious medical needs as against the "hospital."

Plaintiff seeks substantial monetary relief. He also asks that the "illegal practice" be stopped and that the defendants provide "sensitivity" training to all the agencies involved. (Compl. ¶ 6).

### III. Personal Involvement

#### A. Legal Standards

Personal involvement is a prerequisite to the assessment of damages in a section 1983 case, and respondeat superior is an inappropriate theory of liability. *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003). In *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986), the Second Circuit detailed the various ways in which a defendant can be personally involved in a constitutional deprivation, and thus be subject to individual liability.

A supervisory official is personally involved if that official directly participated in the infraction. *Id.* The defendant may have been personally involved if, after learning of a violation through a report or appeal, he or she failed to remedy the wrong. *Id.* Personal involvement may also exist if the official created a policy or custom under which unconstitutional practices occurred or allowed such a policy or custom to continue. *Id.* Finally, a supervisory official may be personally involved if he or she were grossly negligent in managing subordinates who caused the unlawful condition or event. *Id. See also Iqbal v. Hasty*, 490 F.3d 143, 152–53 (2d Cir. 2007) (citing *Colon v. Coughlin*, 58 F.3d 865, 873) (2d Cir. 1995)), *rev'd on other grounds*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Some courts have discussed whether all of the *Colon* factors are still viable after *Ashcroft*. *See Conklin v. County of Suffolk*, 859 F. Supp. 2d 415, 439 (E.D.N.Y. 2012) (discussing cases). However, the court in *Conklin* ultimately determined that it was unclear whether *Colon* had been overruled or limited, and continued to apply the

factors outlined in *Colon*. *Id.* In making this determination, the court in *Conklin* stated that "it remains the case that 'there is no controversy that allegations that do not satisfy any of the *Colon* prongs are insufficient to state a claim against a defendant-supervisor.'" *Id*. (quoting *Aguilar v. Immigration Customs Enforcement Div. of the U.S. Dep't of Homeland Sec.*, 811 F. Supp. 2d 803, 815 (S.D.N.Y. 2011)). *See also Jones v. Smith*, No. 09-CV-1058, 2015 WL 5750136, at *8 n.6 (N.D.N.Y. Sept. 30, 2015) (discussing the use of the *Colon* factors absent definitive guidance from the Second Circuit).

### B. Application

Plaintiff has named the Mayor of Utica and the Oneida County Executive as defendants. To the extent that plaintiff sues these defendants in their individual capacities, plaintiff has not alleged that either of these defendants were personally involved in the incidents described in the complaint. In addition, there is no indication that either the Mayor of Utica or the Oneida County Executive has supervisory responsibility for the law enforcement organizations that were involved in the search of plaintiff's home or his interrogation at the police station.

Even assuming that the Mayor of Utica could be considered a supervisor or policy maker for the Utica Police Department, plaintiff does not allege that Mayor Palmieri had any personal knowledge of the incident, nor has plaintiff described a situation that could have been "remedied" after defendant Palmieri learned about it. There is no allegation that the mayor was "grossly negligent" in managing the city law enforcement officers, assuming that it was the mayor's responsibility to "manage" the

officers. The same is true for defendant County Executive Picente, notwithstanding the fact that Oneida County Sheriffs may have been involved in the search of plaintiff's home. Thus, the case would have to be dismissed as against defendants Palmieri and Picente in their individual capacity for lack of personal involvement.

## IV.   Municipal Liability

### A.   Legal Standards

To the extent that the court interprets plaintiff's complaint as naming defendants Palmieri and Picente in their "official capacity," plaintiff would be suing the City of Utica or Oneida County respectively. A section 1983 action against municipal officers in their official capacities is treated as an action against the municipality itself. *Coon v. Town of Springfield*, 404 F.3d 683, 687 (2d Cir. 2005) (citing *Brandon v. Holt*, 469 U.S. 464, 471-73 (1985)).

The municipality itself may only be named as a defendant in certain circumstances. In *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), the Supreme Court outlined the limited circumstances under which a municipality may be liable under Section 1983. Only when the municipality, through the execution of its policies, actually deprives an individual of his constitutional rights, is it liable for the injury. *Id.* at 694. To establish municipal liability, the policy must actually cause the violation of constitutional rights; it must be the moving force behind the violation. *Id.*; *Dominguez v. Beame*, 603 F.2d 337, 341 (2d Cir. 1979).

In this case, plaintiff alleges that the officers of "all" the agencies should be given sensitivity training, but has only discussed his own experience and not asserted a

7

policy or custom or any of the other bases for municipal liability. Thus, the complaint may be dismissed to the extent that the court could interpret it to be naming defendants Palmieri and Picente in their official capacities.

## V. St. Elizabeth's Hospital

### A. Legal Standards

In order to bring a civil rights action under 42 U.S.C. § 1983, the plaintiff must establish that a defendant, who acts under color of state law, has caused the deprivation of a right protected by the federal constitution or laws. 42 U.S.C. § 1983. A person acts under color of state law when he or she acts in his or her official capacity, "clothed with the authority of state law," or acts under "pretense" of law by purporting to act with official power. *Pleasure Island, Inc. v. City of New York*, No. 12 Civ. 4699, 2013 WL 2311837, at *5-6 (E.D.N.Y. May 24, 2013) (quoting *West v. Atkins*, 487 U.S. 42, 49 (1988)).

The requirement that the defendant acted under "color of state law" is jurisdictional. *Lucas v. Riggi*, No. 07-CV-6200, 2008 WL 4758706, at *2 (W.D.N.Y. Oct. 29, 2008) (citing *Polk County v. Dodson*, 454 U.S. 312, 315 (1981)). Private conduct is simply beyond the reach of section 1983 "'no matter how discriminatory or wrongful" that conduct may be." *Id.* (quoting *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999)). A private party may act under color of state law if he or she engages in conduct that constitutes willful participation in joint activity with the state. *Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008) (per curiam). The nexus to the state must be so close as to be fairly treated as

that of the state itself. *Tancredi v. Metro Life Ins. Co.,* 316 F.3d 308, 312 (2d Cir. 2003) (citations omitted).

### B.     Application

Plaintiff has named St. Elizabeth's hospital as a defendant.  Even assuming that plaintiff could sue the hospital itself, there is no indication that St. Elizabeth's, the intern, or the nurse who took care of plaintiff acted under color of state law.  It appears that St. Elizabeth's Hospital is a private entity, and not administered or directed by New York State or the municipality in which it is situated. https://mvhealthsystem.org/about. Thus, plaintiff may not name the Hospital as a defendant.

To the extent that plaintiff is somehow alleging that St. Elizabeth's was acting under color of state law in conjunction with plaintiff's care because he was a detainee who was being held at the Utica Police Station, plaintiff would have to show that the allegedly unconstitutional care was the result of a "pattern of acts and omissions." *See Phelan v. Mullane*, 512 F. App'x 88, 92 (2d Cir. 2013) (discussing and rejecting hospital liability).  The court notes that a private actor, such as a hospital, does not act under color of state law merely by virtue of a public contract to care for inmates. *Anderson v. Sposato*, No. 11-CV-5663, 2013 WL 2023229, at *3 (E.D.N.Y. May 9, 2013) (citing inter alia *Phelan*, supra); *Wilson v. Agustino*, No. 3:12-CV-1554, 2013 WL 331255, at *1-2 (D. Conn. Jan. 28, 2013) (citing *Sybalski v. Indep. Group Home Living Program, Inc*., 546 F.3d 255, 257 (2d Cir.2008) (citation omitted)).  In *Wilson*, the court rejected the claim that a private hospital, where the police took a detainee for treatment, or the doctor who took care of the individual, acted under color of state law

9

for purposes of section 1983. *Id.* (collecting cases).

In this case, plaintiff alleges only that he was brought to St. Elizabeth's Hospital, and the one of the doctors did not know how to treat him and would not call the doctor who performed plaintiff's surgery. Plaintiff's complaint does not hint at any of the factors that would establish state action by the hospital. Thus, the court must recommend dismissing as against St. Elizabeth's Hospital.

## VI. Opportunity to Amend

### A. Legal Standards

Generally, when the court dismisses a pro se complaint *sua sponte*, the court should afford the plaintiff the opportunity to amend at least once; however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993).

### B. Application

In this case, as the complaint is written, there are absolutely no allegations that would justify claims against the Mayor Palmieri or Oneida County Executive Picente. However, the court will recommend dismissal without prejudice to plaintiff filing an amended complaint against individuals who may have been responsible for his alleged unconstitutional treatment during his arrest, or any alleged denial of medical care prior to taking plaintiff to the hospital. Although the court has serious doubts as to whether the plaintiff could amend to state a claim against St. Elizabeth's Hospital, the court will also recommend dismissing without prejudice as against the Hospital.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motion to proceed IFP (Dkt. No. 5) be **GRANTED for purposes of filing**, and it is further

**RECOMMENDED**, that the complaint be **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii) **WITHOUT PREJUDICE** to plaintiff filing an amended complaint as discussed above, and it is

**RECOMMENDED**, that if the District Court adopts this recommendation, plaintiff be directed to file his amended complaint or ask for an extension of time to do so within **FORTY-FIVE (45) DAYS** from the date of the District Court's order adopting the recommendation, and it is

**RECOMMENDED**, that if plaintiff files an amended complaint within the appropriate time, the court return the proposed amended complaint to me for initial review, and it is

**RECOMMENDED**, that if the court adopts this recommendation, and plaintiff fails to file an amended complaint or ask for an extension of time to do so at the expiration of the forty-five (45) days, the complaint be dismissed with prejudice and the case closed, and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Order and Report-Recommendation on plaintiff by regular mail.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE**

**REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: April 16, 2019

Hon. Andrew T. Baxter
U.S. Magistrate Judge