UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LEONARD EUGENE WEATHER,

                        Plaintiff,

v.                                                 6:19-CV-0400
                                                  (GTS/ATB)

ROBERT PALMIERI, JR., Utica Mayor; ANTHONY J.
PICENTE, JR., Oneida Cty. Exec.; ST. ELIZABETH
MED. CTR.; NEW YORK STATE POLICE; UTICA
POLICE DEP'T; ONEIDA CTY. SHERIFFS; NURSE
JANE DOE; JANE DO/JOHN DOE, Supervisor at St.
Elizabeth Hospital,

                        Defendants.
_____

APPEARANCES:

LEONARD EUGENE WEATHER, 17-B1857
  Plaintiff, *Pro Se*
Elmira Correctional Facility
P.O. Box 500
Elmira, New York 14902

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

      Currently before the Court, in this *pro se* civil rights action filed by Leonard Eugene Weather ("Plaintiff") against the above-captioned individuals and entities ("Defendants") asserting claims pursuant to 42 U.S.C. § 1983, is United States Magistrate Judge Andrew T. Baxter's Report-Recommendation recommending that Plaintiff's action be dismissed unless, within forty-five days of the issuance of a Decision and Order adopting the Report-Recommendation, Plaintiff files an Amended Complaint correcting the pleading defects identified in the original Complaint. (Dkt. No. 8.) On April 29, 2019, Plaintiff filed an

Objection to the Report-Recommendation; and on May 23, 2019, Plaintiff filed an Amended Complaint.[1] (Dkt. Nos. 9, 12.)

Even when construed with the utmost of special liberality, Plaintiff's Objection challenges only certain portions of the Report-Recommendation. In particular, while Plaintiff does not object to the dismissal of his claims against Defendants Palmieri and Picante, he does object to the dismissal of his claims against the Oneida County Sheriffs, State of New York, Utica Police Department, "other law enforcement," the individual Defendants in their official capacity, and St. Elizabeth Hospital. (Dkt. No. 9.) Moreover, while Plaintiff's challenges border on the general, the Court will, for the sake of argument, treat them as sufficiently specific to trigger the Court's *de novo* review of the challenged portions of the Report-Recommendation.[2]

After carefully reviewing the relevant papers herein, the Court can find no error in Magistrate Judge Baxter's Report-Recommendation, clear or otherwise: Magistrate Judge Baxter employed the proper standards, accurately recited the facts, and reasonably applied the law to

---

[1] The Court notes that, on May 14, 2019, Plaintiff filed a letter-motion requesting an extension of time by which to file an Amended Complaint. (Dkt. No. 10.) Because the forty-five day time period in which to file an Amended Complaint had not yet started to run, the Court denied this letter-motion as unnecessary on May 20, 2019. (Dkt. No. 11.) However, without waiting for the Court's decision of his letter-motion to arrive, Plaintiff mailed his Amended Complaint on May 21, 2019. (Dkt. No. 12.)

[2] When no specific challenge is made to a report-recommendation, the Court need not subject that report-recommendation to *de novo* review, but subjects the report-recommendation to only a clear-error review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a clear-error review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein. To those reasons, the Court adds the following analysis.

Rather than wait for a decision on either the Report-Recommendation or his letter-motion, Plaintiff has filed an Amended Complaint. This act has somewhat complicated matters procedurally because an amended complaint supersedes an original complaint in all respects.[3] This means that, theoretically, a report-recommendation analyzing an original complaint might be mooted. At the very least, certain claims that were asserted in Plaintiff's original Complaint and abandoned in his Amended Complaint (e.g., claims against Defendants Palmieri and Picante) need no longer be "dismissed" by the Court, arguably.

Out of a desire for judicial efficiency, the Court is tempted to apply the recommendations in the Report-Recommendation to Plaintiff's Amended Complaint. However, the Court is mindful of the Second Circuit's admonition that a *pro se* plaintiff's request to amend his complaint when a motion to dismiss is pending should be denied only without prejudice, or perhaps stayed, until he has had the benefit of the district court's ruling on the motion to dismiss.[4] For these reasons, the Court has chosen to simply apply Magistrate Judge Baxter's

---

[3] *See Int'lControls Corp. v. Vesco,* 556 F.2d 665, 668 (2d Cir. 1977) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect."); 6 C. Wright & A. Miller, *Federal Practice & Procedure* § 1476, at 556-57 (2d ed. 1990) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified."); *cf.* N.D.N.Y. L.R. 7.1(a)(4) ("[T]he proposed amended pleading . . . will supersede the pleading sought to be amended in all respects.").

[4] *See Cresci v. Mohawk Valley Community College*, 693 F. App'x 21, 25 (2d Cir. June 2, 2017) ("The court's criticism of Cresci for failure to submit a proposed amended complaint before learning whether, and in what respects, the court would find deficiencies was unjustified, and the court's denial of leave to replead, simultaneously with its decision that the complaint was defective, effectively deprived Cresci of a reasonable opportunity to seek leave to amend.").

Report-Recommendation to Plaintiff's Complaint (in light of Plaintiff's Objections), while holding Plaintiff's Amended Complaint in abeyance pending confirmation from him that it is indeed the amended pleading on which he wishes to proceed.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Baxter's Report-Recommendation (Dkt. No. 8) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the claims asserted in Plaintiff's original Complaint (Dkt. No. 1) are **DISMISSED** without prejudice; and it is further

**ORDERED** that, within **FORTY-FIVE (45) DAYS** of the date of this Decision and Order, Plaintiff shall do either of the following two things: (1) notify the Court in writing that he would like his currently pending Amended Complaint (Dkt. No. 12) to remain his new operative pleading in this action or (2) file a Second Amended Complaint; and it is further

**ORDERED** that, upon Plaintiff's fulfillment of the immediately preceding paragraph, Plaintiff's new operative pleading shall be referred to Magistrate Judge Baxter for his review of its pleading sufficiency pursuant to 28 U.S.C. § 1915(e) (as well as his management of pretrial matters); and it is further

**ORDERED** that, if Plaintiff's new operative pleading has not corrected the pleading defects identified by Magistrate Judge Baxter in his Report-Recommendation (and/or if it asserts new claims plagued by other pleading defects), Plaintiff's action shall be **DISMISSED with prejudice**, upon the Report-Recommendation of Magistrate Judge Baxter.

Dated: June 19, 2019
      Syracuse, New York

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge