UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LEONARD EUGENE WEATHER,

                                 Plaintiff,
                                                                         6:19-CV-0400
v.                                                                             (GTS/ATB)

NEW YORK STATE POLICE;
UTICA POLICE DEPARTMENT; and
ONEIDA COUNTY SHERIFFS,

                                 Defendants.
_____

APPEARANCES:

LEONARD EUGENE WEATHER, 17-B-1857
   Plaintiff, *Pro Se*
Elmira Correctional Facility
P.O. Box 500
Elmira, New York 14902

GLENN T. SUDDABY, Chief United States District Judge

## **DECISION and ORDER**

Currently before the Court, in this *pro se* civil rights action filed by Leonard Eugene Weather ("Plaintiff") against the three above-captioned law-enforcement agencies ("Defendants") alleging claims for unreasonable search and seizure, false arrest, and deliberate medical indifference pursuant to 42 U.S.C. § 1983, are (1) United States Magistrate Judge Andrew T. Baxter's Report-Recommendation recommending that Plaintiff's Corrected Second Amended Complaint[1] be dismissed with prejudice, and (2) Plaintiff's Objections to the Report-

---

       [1] Because both Plaintiff and Magistrate Judge Baxter refer to this pleading as Plaintiff's "Corrected Second Amended Complaint," that is how the Court will refer to the pleading, rather than as a complete copy of Plaintiff's Second Amended Complaint or perhaps as a Third Amended Complaint (which it arguably is).

Recommendation. (Dkt. Nos. 16, 17.) For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety, and Plaintiff's Corrected Second Amended Complaint is dismissed with prejudice.

I.     **RELEVANT BACKGROUND**

    A.     **Magistrate Judge Baxter's Report-Recommendation**

Generally, in his Report-Recommendation, Magistrate Judge Baxter made the following four findings of fact and/or conclusions of law: (1) that Plaintiff's claims against the Utica Police Department and Oneida County Sheriff's Department should be dismissed for failure to state a claim, because Plaintiff has not named (or asserted allegations against) any individual(s) employed by these law enforcement agencies nor has Plaintiff asserted a municipal-liability claim (or any factual allegations of a custom or policy supporting such a claim); (2) that Plaintiff's claims against the New York State Police should be dismissed for lack of subject-matter jurisdiction because state agencies have immunity from liability under the Eleventh Amendment of the United States Constitution; (3) that Plaintiff's claims of unreasonable search and seizure and false arrest/imprisonment should be dismissed for failure to state a claim, because Plaintiff has failed to allege facts plausibly suggesting (a) the identity of any particular officer or officers who were responsible for the allegedly warrantless search and/or the false arrest, and (b) the actual facts and circumstances giving rise to these claims; and (4) that, if Plaintiff can identify any individual person whom he alleges was personally responsible for the alleged constitutional violations, the Court should consider giving Plaintiff one more opportunity to name such an individual. (Dkt. No. 16, at Part II.)

### B. Plaintiff's Objections to the Report-Recommendation

Generally, in his Objections, Plaintiff asserts seven arguments: (1) Magistrate Judge Baxter erred in recommending the dismissal of Plaintiff's claims against the Utica Police Department and Oneida County Sheriff's Department, because (a) Plaintiff cannot determine the relevant employees' identities (given that the employees were wearing masks and no name tags), and (b) in any event, Plaintiff would like to replace his claims against the law enforcement agencies with claims against the City of Utica and County of Oneida; (2) Magistrate Judge Baxter erred in recommending the dismissal of Plaintiff's unreasonable-search claim, because his home was searched by unidentified individuals, who did not show him a valid search warrant despite his request to see one; (3) Magistrate Judge Baxter erred in recommending the dismissal of Plaintiff's false arrest/imprisonment claim, because Plaintiff was detained and questioned without ever having been charged in connection with the events that occurred on October 20, 2016; (4) Magistrate Judge Baxter erred in finding Plaintiff's Corrected Second Amended Complaint insufficient, because, having been authored by a *pro se* litigant, that pleading is entitled to an extra-liberal construction, which would survive Fed. R. Civ. P. 12(b)(6); (5) Magistrate Judge Baxter erred in purportedly assuming that the search, seizure and confinement were related to the conviction for which Plaintiff is currently being incarcerated (which they were not); (6) Magistrate Judge Baxter erred by purportedly confusing the search warrant that existed with an arrest warrant (which did not exist), and by purportedly confusing the facts underlying the raid (which occurred on October 20, 2016) with the facts underlying his foot surgery (which occurred on October 19, 2016) and post-raid medical care (later on October 20, 2016); and (7) Plaintiff has no objection to the portion of the report-recommendation recommending the

3

dismissal of his cruel-and-unusual-punishment claim, but would like to replace that claim with a due process claim, and support that claim by specifying that the unnamed Utica Police Department homicide detective was either named "Bosian" or was Bosnian in ethnicity (the only such individual in the Department on October 20, 2016). (Dkt. No. 17.)

## II. STANDARD OF REVIEW

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)©). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1©).[2] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[3] Similarly, a

---

[2] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[3] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf.*

district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error*

---

*U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

review.[4]  Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.  When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Id.*[5]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

## III. ANALYSIS

After carefully reviewing the relevant papers herein, including Magistrate Judge Baxter's thorough Report-Recommendation, the Court can find no error (clear or otherwise) in the Report-Recommendation.  Magistrate Judge Baxter employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.  As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein.  To those reasons, the

---

[4] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[5] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

Court adds the following four points.

First, the Court respectfully declines to accept Magistrate Judge Baxter's recommendation that the Court consider any new factual assertions contained in Plaintiff's Objections in deciding whether to give Plaintiff one more opportunity to identify any individual person whom he alleges was personally responsible for the alleged constitutional violations. While special solicitude requires a court to consider new factual assertions contained in a *pro se* plaintiff's response to a defendant's motion to dismiss for failure to state a claim (to the extent that those new factual assertions are consistent with the factual allegations of the operative pleading),[6] the undersigned does not understand such special solicitude to require a court to do so with regard to late-blossoming factual assertions contained in a *pro se* plaintiff's objections to a report-recommendation,[7] especially one that recommends the dismissal of a second (or third) amended complaint for failure to state a claim.

For the sake of brevity, the Court will not linger on how a defendant could possibly admit or deny such new factual allegations through such piecemeal pleading without the Court's requiring Plaintiff to submit yet another amended complaint (which has proved unproductive

---

[6] *See, e.g., Drake v. Delta Air Lines, Inc.*, 147 F.3d 169, 171, n.1 (2d Cir. 1998) ("Like the district court, we deem Drake's complaint to include the facts contained in his memorandum of law filed in response to Delta's 1996 motion to dismiss.").

[7] *See, e.g., Nelson v. Warren*, 10-CV-0990, 2012 WL 68755, at *3 (N.D.N.Y. Mar. 2, 2012) (Suddaby, J.) ("[I]t would be both anachronistic . . . to construe Plaintiff's MRSA allegation [newly asserted in an Objection] as 'challenging' a Report-Recommendation . . . ."); *Allen v. Hand*, 09-CV-1388, 2010 WL 2682248, at *5 (N.D.N.Y. July 2, 2010) (Suddaby, J.) ("[T]he Court declines to exercise its discretion to construe Plaintiff's Complaint as effectively amended by those late-blossoming allegations [in his Objections]. . . . Plaintiff has not explained why he failed to assert these factual allegations in his original Complaint.").

thus far).[8]  The Court will also not linger on the point of law that a district court will ordinarily refuse to consider material or arguments that could have been, but were not, presented to the magistrate judge in the first instance.  *See, supra,* Part II of this Decision and Order.[9]  Rather, the Court will observe merely that applying such a rule would result in (at the very least) the appearance of impartiality in favor of a *pro se* civil rights litigant by essentially conducting a six-month-long complaint-drafting seminar for Plaintiff, complete with edits and rewrites until a passing grade is achieve.[10]

In any event, even if the Court were to consider new factual assertions in Plaintiff's Objections, the only new fact that the Court can discern in the Objections is the allegation that the unnamed Utica Police Department homicide detective was either named "Bosian" or was Bosnian in ethnicity, which is insufficient to correct the pleading defects in Plaintiff's due process claim.

---

[8]  *See, e.g., Allen*, 2010 WL 2682248, at *5 ("[S]uch a construction would result in piecemeal pleading.  The fairer and more efficient solution would be, and is, for Plaintiff to simply file an Amended Complaint, asserting all of the factual allegations supporting his claims together.")

[9]  *See, e.g., Nelson*, 2012 WL 68755, at *3 ("[I]t would be . . . a frustration of the purpose of the Magistrates Act to construe Plaintiff's MRSA allegation [newly asserted in an Objection] as 'challenging' a Report-Recommendation that was issued without the benefit of that MRSA allegation."); *Allen*, 2010 WL 2682248, at *5 ("[T]he Court finds that such a construction of Plaintiff's original Complaint would constitute an inefficient use of judicial resources, and would frustrate the purpose of the Magistrates Act, because Magistrate Judge Lowe did not have the benefit of those factual allegations when he prepared his thorough Report-Recommendation.").

[10]  *See De Ponceau v. Bruner*, 09-CV-0605, 2012 WL 1014821, at *4 (N.D.N.Y. Mar. 23, 2012) (Suddaby, J.) ("While special solicitude must be afforded to a pro se prisoner civil rights litigant, the undersigned does not perceive it to be the function of a United States district court (especially one in a congested district) to operate a two-and-a-half-year-long complaint-drafting seminar for that litigant, complete with three rounds of edits and rewrites.").

Second, with regard to Plaintiff's first argument, the Court rejects Plaintiff's alternative request for leave to somehow amend his "Corrected Second Amended Complaint" (which is arguably a Third Amended Complaint) so as to, presumably, assert facts plausibly suggesting factual allegations of a custom or policy supporting a claim against the City of Utica and County of Oneida. Plaintiff has had two (and arguably three) opportunities to amend his original Complaint to allege such facts. He has failed to do so (and he has failed to assert such facts in his Objections). Under the circumstances, the Court has come to believe that the defects in Plaintiff's are substantive and not merely formal.

Third, with regard to Plaintiff's fourth argument, the special solicitude afforded *pro se* litigants (which Plaintiff was continuously been extended in this proceeding) does not insulate a *pro se* litigant of the obligation to comply with the Federal Rules of Civil Procedure,[11] and no extra-liberal construction of Plaintiff's Corrected Second Amended Complaint would save it under Fed. R. Civ. P. 12(b)(6).

---

[11] *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993) ("While we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed . . . we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *McKaskle v. Wiggins*, 465 U.S. 168, 184 (1984) ("Nor does the Constitution require judges to take over chores for a *pro se* [litigant] that would normally be attended to by trained counsel as a matter of course."); *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980) ("[I]in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law [even when that strict adherence inures to the detriment of a pro se litigant]."); *Faretta v. California*, 422 U.S. 806, 834, n. 46 (1975) ("The right of self-representation is not a license . . . not to comply with relevant rules of procedural and substantive law."); Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006) ("[*Pro se* status] does not exempt a party from compliance with relevant rules of procedural and substantive law"); *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) ("[T]he right [to benefit from reasonable allowances as a pro se litigant] does not exempt [the pro se ] party from compliance with relevant rules of procedural and substantive law.").

Fourth, with regard to Plaintiff's seventh argument, Magistrate Judge Baxter has already liberally construed Plaintiff's cruel-and-unusual-punishment claim as a due process claim (and addressed that claim). (Dkt. No. 16, at 5, n.7.)

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Baxter's Report-Recommendation (Dkt. No. 16) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Second Amended Complaint (Dkt. No. 14) is **DISMISSED with prejudice.**

Dated: October 22, 2019
       Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge